# HOLLAND *v.* HOLLAND

[No. 170, September Term, 1960.]

*Decided March 14, 1961.*

Submitted to BRUNE, C. J., and HENDERSON, HAMMOND, HORNEY and MARBURY, JJ.

Submitted on brief by *John E. Mudd* and *Walter M. Jenifer,* for appellant.

No brief and no appearance for appellee.

HAMMOND, J., delivered the opinion of the Court.

The appellant seeks reversal of an order dismissing, on demurrer without leave to amend, his bill for annulment of his marriage on the ground of the fraudulent concealment before the marriage of the earlier insanity of his wife.

The bill alleges the marriage in Harford County in December, 1957, and that the wife was then lucid; that from the middle of June until the middle of August, 1956, she had been confined in a hospital in Hagerstown for treatment on the diagnosis that she was a schizophrenic paranoid, and was removed from the hospital by her parents against the advice of the physicians treating her, and thereafter refused to take further treatment as she had been advised to do; that during the courtship and a short interim of married life, the wife "appeared for all intents and purposes to react normally to everyday occurrences" and that during this period "the respondent fraudulently concealed her prior commitment as a schizophrenic paranoid and so conspired with her family to conceal said condition and confinement from your complainant"; that the husband had no knowledge of the facts until, "a short time after marriage", the wife became "dangerously

violent as a result of her condition as a schizophrenic para-
noid" and attempted to kill her husband and his mother, and
that he has not since cohabited with her; and that no chil-
dren were born as a result of the marriage.

There are considered to be two main lines of decision on
whether misrepresentation as to or concealment of insanity
prior to marriage is fraud which will justify an annulment.
Most States have been slow to find concealment of prior in-
sanity a sufficient ground for dissolution of the marital status,
some classing it as in the category of misrepresentation as to
social status, fame, fortune, temperament or disposition, and so
as not going to the essence of the contract, although the de-
cisions often turn actually on absence of fraud on the facts
or ratification by cohabitation after knowledge of the facts.
Other States, including New York, California and New
Hampshire,[1] take the position that the concealment of past
insanity or a diseased mental condition may be such fraud as
goes to the essence of the matter and may be ground for an-
nulment. Cases both ways are collected in 39 A.L.R. 1345.
See also 55 C.J.S., Marriage, § 34 (e), p. 872. Generally in
the States  which recognize that concealment of prior insanity
may constitute actionable fraud, the outcome depends on the
facts—whether there was knowledge on the part of the af-
flicted spouse of the actual condition and its seriousness, and
an intent to deceive, and no ratification by the innocent spouse
after the facts are learned. 3 Nelson, *Divorce and Annulment*,
Sec. 31.36, p. 318, would seem to sum up accurately in say-
ing:

> "The solution of the question as to whether a
> marriage may be annulled by reason of the conceal-
> ment or misrepresentation of the fact that one of

1. See Alter v. Alter, 294 N. Y. S. 195; Friedman v. Friedman, 64
N. Y. S. 2d 660; Smith v. Smith, 184 N. Y. S. 134; Hochman v.
Hochman, 135 N. Y. S. 2d 544; Curtis v. Curtis, 187 P. 2d 921 (Cal.
App.), as interpreted in Handley v. Handley, 3 Cal. Reptr. 910, 915
(Cal. App.); Keyes v. Keyes, 22 N. H. 553. Wisconsin apparently
would take the same position. Hempel v. Hempel (Wis.), 181 N. W.
749.

the parties had been insane at sometime prior to the marriage will depend, it seems, upon the facts of the particular case."

This Court has given indications that when the question was presented for decision, Maryland would follow the minority view. The rule in this State has long been that a marriage procured through fraud may be avoided in the exercise of the inherent power of a court of equity to reform and rescind contracts. *Le Brun v. Le Brun,* 55 Md. 496, 502; *Ridgely v. Ridgely,* 79 Md. 298, 307. The holding of those cases was reaffirmed in *Brown v. Scott,* 140 Md. 258, 268, which annulled a marriage induced by fraudulent misrepresentation of a professional swindler. In the course of the opinion, Judge Offutt, for the Court, noted that a court is more likely to annul a marriage which has not been consummated but that avoidance for fraud is not precluded in cases "where the actual status of the parties had not been changed by the intervening rights of children born or unborn, and where the application for relief is made promptly upon the discovery of the fraud." He went on to say:

"Where fraud is recognized as a ground for the annulment of a marriage contract, it must be of such a character as to go to its very essence, and affect the free consent thereto of the injured party * * *.

"In determining what facts will constitute such a fraud, there appears to be no rule more definite than this, that is, that where the misrepresentations or fraud relate to accidental matters, such as rank, fame, fortune, habits, temperament or the like, they do not go to the essence of the contract and are not sufficient, but where the fraud relates to essential matters necessarily affecting the health or well being of the parties themselves or any offspring from the marriage it is sufficient."

Thereafter in the opinion New York cases are referred to in support of the proposition which the Court adopted that:

"* * * where a fraud practiced upon a person of immature years or weak mind of such a character

as to necessarily affect the health or well being of the person injured, and where the true facts are such that no person of ordinary prudence would have made the contract with knowledge of them, induces such person to enter into a marriage contract, that contract may be avoided upon the application of the injured person provided the application is made promptly upon the discovery of the fraud, where the status of the parties has not been affected by the intervention of the rights of children born or unborn."

See also *Corder v. Corder,* 141 Md. 114.

In *"Void and Voidable Marriages in Maryland and Their Annulment,"* 2 Md. L. Rev. 211, 247, Professor Strahorn said: "It was previously suggested that a sufficiently strong case of misrepresentation as to or concealment of prior insanity * * * or other physical defect might be held to work an actionable fraud."

We think the sound view is that concealment of prior insanity may amount to fraud invalidating a marriage. We read the allegations of the bill before us as to hospitalization, diagnosis, withdrawal from treatment against medical advice, the seriousness of the malady and its rapid recurrence in violent form, and the further allegation that the wife and her family conspired to keep from the husband the true facts as amounting to a claim that the husband was fraudulently induced to enter into a contract which "no person of ordinary prudence would have made," because the fact his bride had suffered from a serious mental disorder and might well so suffer again, recurrently or permanently, was knowingly and deliberately withheld from him.

We think the case should have been heard so that it could have been determined whether evidence sufficient to show fraud going to the essence of the marital contract could have been adduced.

> *Order reversed and case remanded for the entry of an order overruling the demurrer and setting the case for trial, appellant to pay the costs.*